&#9837; EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**18-SCCV-089312**
JBH
NOV 02, 2018 10:16 AM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **JAMES PARKER,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **Civil Action No.** |
| **WAL-MART STORES EAST, LP** | : | |
| **d/b/a WAL-MART,** | : | |
| **Defendant.** | : | |

## <u>COMPLAINT FOR DAMAGES</u>

**COMES NOW**, James Parker, Plaintiff in the above-referenced matter, and files his Complaint for damages against Defendant as follows:

### 1.

Plaintiff, James Parker ("Plaintiff"), resides in Macon, Bibb County, Georgia, and voluntarily avails himself of the jurisdiction of this Honorable Court.

### 2.

Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart") is a foreign corporation organized and existing by virtue of the laws of the State of Delaware, engaged in the business of owning and operating retail stores, and is authorized to transact and do business in the State of Georgia. Defendant Wal-Mart conducts business in Macon, Bibb County, Georgia and has a registered agent in Gwinnett County, Georgia. Pursuant to O.C.G.A. section 14-2-510(b)(4), because the accident causing Plaintiff's injury occurred in Bibb County, jurisdiction and venue are proper as to this Defendant in this Honorable Court. Defendant Wal-Mart may be served care of its registered agent for service of



DEFENDANT'S
EXHIBIT
B

process, Corporation Process Company, at 2180 Satellite Boulevard, Suite 400, Duluth, Georgia, 30097.

## FACTUAL BACKGROUND

3.

Plaintiff hereby incorporates paragraphs one (1) through two (2) by reference as if fully and completely set forth herein verbatim.

4.

Defendant has a location and transacts business 6020 Harrison Road in Macon, Bibb County, Georgia.

5.

On or about February 10, 2017, Plaintiff was shopping at Wal-Mart, located at 6020 Harrison Road in Macon, Georgia.

6.

As Plaintiff was walking down an isle, suddenly and unexpectedly, his foot slipped out from under him due to a foreign substance/food product on the floor. Plaintiff fell to the floor, causing serious personal injuries.

7.

Defendant was negligent for failing to keep its premises safe in violation of O.C.G.A. § 51-3-1 by, among other things, maintaining the premises in an unsafe manner and failing to remove such dangers and hazards on its premises.

8.

Defendant knew or should have known, through reasonable inspection, of the dangerous condition on its premises.

9.

Defendant was negligent for failing to warn of the dangerous condition on its premises in violation of O.C.G.A. § 51-3-1.

10.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

11.

At all times relative to this incident, Plaintiff was exercising due care for his own safety.

## CLAIM AGAINST DEFENDANT

12.

Plaintiff hereby incorporates paragraphs one (1) through eleven (11) by reference as if fully and completely set forth herein verbatim.

13.

As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe injuries and required extensive medical treatment.

14.

As a direct and proximate result of Defendant's negligence, Plaintiff endured physical, mental, and emotional pain and suffering due to the injuries he sustained in the slipping accident.

15.

As a direct and proximate result of Defendant's negligence, Plaintiff has, to date, incurred special damages in the form of medical expenses totaling at least **$30,440.19** due to the injuries he sustained in the slip and fall incident.

16.

Plaintiff is entitled to recover from Defendant as special damages compensation for his medical expenses to the extent permitted by law and in an amount to be proven at trial.

17.

Plaintiff is entitled to recover for past, present, and future pain and suffering, both physical and mental. Plaintiff also seeks general damages due to Defendant's negligence.

18.

Defendant's actions in this matter constitute bad faith, stubborn litigiousness, or unreasonable and unnecessary delay so as to entitle Plaintiff to reasonable and necessary attorney fees in an amount to be proven at trial pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays for the following relief:

(a) that summons issue and Defendant be served as required by law;

(b) that Plaintiff receive a trial by jury;

(c) that Plaintiff recover special damages for his medical expenses in an amount to be proven at trial and to the extent permitted by law;

(d) that Plaintiff recover general damages for his past, present and future pain and suffering in an amount to be proven at trial;

(e) that Plaintiff have and recover expenses of this litigation, including reasonable and necessary attorney fees in an amount to be proven at trial pursuant to O.C.G.A. section 13-6-11;

(f) that all costs of this proceeding be assessed against Defendant; and

(g) that Plaintiff receive such further relief as this Court deems just and proper.

Respectfully submitted this ___ day of November, 2018.

JAMES E. LEE II
State Bar No. 443405
Attorney for Plaintiff

James E. Lee II, P.C.
870 College Street
P.O. Box 6294
Macon, Georgia 31208-6294
(478) 749-6901
(478) 749-6964 (fax)

5

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

JAMES PARKER,                                          Civil Action File No.
                                                       18-SCCV-089312
          Plaintiff,

v.

WAL-MART STORES EAST, LP d/b/a WAL-MART,

          Defendant.
_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP d/b/a WAL-MART and makes this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for his own safety in the premises, and by the exercise of ordinary care could have avoided any injury to himself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant hereby incorporates paragraphs one (1) through two (2) of this Answer by reference as if fully and completely set forth herein verbatim.

4.

Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant hereby incorporates paragraphs one (1) through eleven (11) of this Answer by reference as if fully and completely set forth herein verbatim.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

20.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), (d), (e), (f) and (g) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with

all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF

TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088

/s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT has this day been filed and served upon opposing counsel via Peach

Court E-File.

This the 29th day of November, 2018.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com