# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JAMES PARKER,** *Plaintiff*, v. **WAL-MART STORES EAST LP, d/b/a/ WAL-MART,** *Defendant*. | **CIVIL ACTION NO. 5:18-cv-00440-TES** |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand [Doc. 7] this case to the State Court of Bibb County. Upon a review of the record and applicable law, the Court, for the following reasons **REMANDS** Plaintiff's case for lack of subject-matter jurisdiction.

## FACTUAL BACKGROUND

While not specifically stated, Defendant removed the above-captioned case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1441(b). [Doc. 1 at p. 4].[1] Plaintiff originally filed suit against Defendant in the State Court of Bibb County, Georgia. [Doc. 1-3]. In his Complaint, Plaintiff alleges that "[he] has, to date, incurred special damages in the form of medical expenses totaling at least $30,440.19 due to the injuries . . . sustained in the slip and fall incident" while shopping at Defendant's place

---

[1] This case does not present a federal question under 28 U.S.C. § 1331.

of business. [*Id.* at p. 3]. Defendant's grounds for removal appear to be based on Plaintiff's past and future medical expenses and a settlement offer in the amount of $125,000. [Docs. 1 at p. 3, 1-2 at p. 4]. However, Plaintiff contends that his Complaint "in no way" alleges that the amount in controversy exceeds the jurisdictional limit provided by 28 U.S.C. § 1332(a)(1). [Doc. 7-1 at p. 2].

## DISCUSSION

### A. Standard of Review

Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing defendant "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001). If the plaintiff does not state a specific amount of damages in his complaint, removal is proper where it is *apparent from the face of the complaint* that the amount in controversy would exceed $75,000. *Id.* However, if the amount in controversy is not apparent from the face of the complaint, the Court may look to the notice of removal and may request additional evidence regarding the amount in controversy. *Id.* To ascertain whether an action meets the amount-in-controversy jurisdictional requirement, the Court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and should use "judicial experience and common sense," rather than "suspend[ing] reality." *Roe v. Michelin N. Am., Inc.,* 613 F3d 1058, 1061–62 (11th Cir. 2010)

2

(quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754, 770 (11th Cir. 2010)). Finally, removal is generally unfavored; therefore, any "ambiguities are generally construed against removal." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).

### B.     Plaintiff's Motion to Remand [Doc. 7]

Plaintiff states that he "resides in Macon, Bibb County, Georgia, and voluntarily avails himself of the jurisdiction of [the State Court of Bibb County]." [Doc. 1-3 at p. 1]. Defendant, on the other hand, despite its general denial of the same in its Answer to Plaintiff's Complaint, *see* [*id.* at p. 7], admits that it is "a Delaware corporation" in its Notice of Removal. [Doc. 1 at ¶ 3]. Further, Defendant states in its Notice of Removal, that it has its principle place of business in the state of Arkansas and "was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of the lawsuit . . . ." [*Id.*]. Clearly, the parties satisfy Section 1332's diversity-of-citizenship requirement, and all that remains to be determined is whether Plaintiff's case also satisfies the amount-in-controversy requirement for federal diversity jurisdiction.

In his motion, Plaintiff argues that Defendant's reliance on his settlement offer is an insufficient basis to keep this case in federal court. In response, Defendant's argue that Plaintiff's pre-suit settlement offer is an honest assessment of Plaintiff's damages because it "details the incident, Plaintiff's medical treatment and surgery, and alleges continued pain and suffering." [Doc. 10 at pp. 3–7]. The Court agrees with Plaintiff.

3

As a general matter, a pre-suit settlement offer, like the one in this case, may constitute "other paper from which it may first be ascertained that the case is one which is or has become removable."[2] *Maisonneuve v. Quiktrip Corp.*, 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015). While Plaintiff's pre-suit offer may be entitled to some weight, "depend[ing] on the circumstances" of the case, it does not have to "be considered as part of his 'initial pleadings' under Section 1446(b)(1)." *Goldstein v. GFC Mkt. Realty Four, LLC*, No. 16-cv-60956-GAYLES, 2016 WL 5215024, at *5 (S.D. Fla. Sept. 21, 2016); *see also Maisonneuve*, 2015 WL 12645741, at *1. Settlement offers "commonly reflect puffing and posturing, and are therefore entitled to little weight in measuring the preponderance of the evidence." *Maisonneuve*, 2015 WL 12645741, at *1 (quoting *Jackson v. Wal-Mart Stores, Inc.*, 651 F. Supp. 1279, 1281 (S.D. Ala. 2009)).

To guide district courts on this very issue, the Eleventh Circuit in *Lowery v. Alabama Power Co.*, unequivocally held that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." 483 F.3d 1184, 1211 (11th Cir. 2007).

---

[2] The parties do not dispute that Defendant's filing of its Notice of Removal was untimely pursuant to 28 U.S.C. § 1446(b).

Here, Plaintiff's counsel sent a settlement brochure to Defendant's insurer on March 15, 2018, and Plaintiff filed his Complaint with the State Court of Bibb County on November 2, 2018. [Docs. 1-2 at p. 1, 1-3 at p. 1]. Clearly, this is a pre-suit settlement offer, that given the circumstances, is entitled to little to no weight since it does not set forth "specific information . . . to support Plaintiff's claim for damages" such that it appears "[he] is 'offering a reasonable assessment of the value of [his] claim.'" *Maisonneuve*, 2015 WL 12645741, at *1. While the settlement offer provides some detail regarding Plaintiff's "ongoing pain and stiffness," [Doc. 1-2 at p. 4], it does not provide an accounting or other reasonably calculable method as to how he reached his settlement offer of $125,000. Thus, there is uncertainty as to whether Plaintiff will recover an amount greater than $75,000, and "[u]ncertainties are resolved in favor of remand." *Victor Warren Props., Inc. v. Haynes-Manning*, No. 1:18-CV-04060-ODE-LTW, 2018 WL 6493119, at *1 (N.D. Ga. Oct. 26, 2018) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)); *see also Whitt, supra*.

It is readily apparent that federal jurisdiction in this case is uncertain and that Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Pretka*, 608 F.3d at 752. Citing *Roe*, Defendant urges the court to use "[j]udicial experience, taking all sufficient facts into account, and common sense" to determine that Plaintiff's allegations sufficed to exceed the jurisdictional amount at the time the lawsuit was initially filed. 613 F.3d at 1061–62. However, the Court is unpersuaded that *Roe* compels a finding that Plaintiff's Complaint

5

necessarily establishes that the value his claims exceed the jurisdictional amount. The Court assuredly recognizes that the Eleventh Circuit reached a different outcome in *Roe*, but "nothing in *Roe* permits [a] court to indulge in speculation or fill empty gaps in a plaintiff's factual averments with unfounded assumptions about what the evidence may show." *Goldstein*, 2016 WL 5215024 at *6 (quoting *Perkins v. Merion Realty Servs., LLC*, No. 14-1171, 2015 WL 998198, at *3 (M.D. Ala. Mar. 6, 2015)). While Defendant insists that the Court use its judicial experience to determine that the requisite threshold amount is satisfied, to do so would be based "only [on] speculation—and that is impermissible." *Pretka*, 608 F.3d at 753–54.

While the concrete special damages totaling $30,440.19 *could* lend to a damages amount ultimately exceeding the jurisdictional requirement, such a conclusion—at this time—is too speculative because Plaintiff's remaining balance of damages are enumerated by generic, boilerplate prayers for relief and contain no calculated sums of damages sought. *See, e.g.*, [Doc. 1-3, at p. 4 ("WHEREFORE, Plaintiff prays for the following relief: . . . (d) that Plaintiff recover general damages for his past, present[,] and future pain and suffering in an amount to be proven at trial; . . . .")]. To find that Plaintiff's claims "exceed $75,000 from the outset, based only on his sparse, conclusory, and inexact allegations, would be the result of 'unabashed guesswork.'" *Goldstein*, 2016 WL 5215024 at *7 (quoting *Lowery*, 483 F.3d at 1213–14).

Plaintiff made his settlement offer before filing suit and was likely posturing for settlement purposes. *See Jackson*, 651 F. Supp. 2d at 1281. Additionally, although the pain and suffering allegations set forth in Plaintiff's offer may eventually drive the amount in controversy beyond the $75,000 mark, the Court has no way to determine the likelihood of that actually occurring. *See Maisonneuve*, 2015 WL 12645741, at *2. Defendant has therefore failed to support its assertion of jurisdiction by a preponderance of the evidence. Accordingly, the Court finds that the allegations in Plaintiff's Complaint did not render this case removable at the outset under 28 U.S.C. § 1441(b).

C.     **Attorney's Fees**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of costs and any actual expenses, including attorney fees, incurred as a result of removal." The Court may only award attorney's fees pursuant to Section 1447(c) if the party who removed the action "lacked an objectively reasonable basis for seeking removal." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). This standard does not require the Court to find that the removing party's position was "frivolous . . . or without foundation." *Id.* However, the statute's use of "may" denotes that the Court is not required to award attorney's fees and may exercise its discretion in denying a motion under Section 1447(c). *See Martin*, 546 U.S. at 136.

The Court finds that Defendant's attempt to remove this action was not without foundation or made in bad faith. Therefore, Plaintiff is not entitled to costs and reasonable attorney's fees associated with defending Defendant's attempt to remove his case.

## CONCLUSION

Based on the foregoing, the Court finds that it does not have subject-matter jurisdiction over this case and **REMANDS** this action to the State Court of Bibb County, Georgia. The Clerk is **DIRECTED** to forward a copy of this Order to the clerk of that court.

**SO ORDERED**, this 1st day of February, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**